20-3255 (L)
T.D. Bank, N.A. v. Miller

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-two.

PRESENT:  ROBERT D. SACK,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*,
                    JOHN P. CRONAN,
                            *District Judge.* *

------------------------------------------------------------------

TD BANK, N.A.,

      *Plaintiff-Appellee*,

    v.                                                                    Nos. 20-3255-cv,
                                                                                        20-4100-cv

---

* Judge John P. Cronan, of the United States District Court for the Southern District of New York, sitting by designation.

BARBARA MILLER,

*Defendant-Appellant,*

DONALD JAFFE, INC., DONALD JAFFE,
AS TRUSTEE OF THE DONALD JAFFE, INC.
RETIREMENT TRUST,

*Intervenors.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLEE: JOSEPH LUBERTAZZI, JR. (Deirdre E. Burke, *on the brief*), McCarter & English, LLP, Newark, NJ

FOR DEFENDANT-APPELLANT: ARTHUR L. PORTER, JR. (Aaron E. Albert, *on the brief*), Fischer Porter & Thomas, P.C., Englewood Cliffs, NJ; Peter H. Tilem, Tilem & Associates, PC, White Plains, NY

FOR INTERVENORS: Mark M. Elliot, Phillips Nizer LLP, New York, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is REMANDED for

further proceedings consistent with this order.

Barbara Miller appeals from a November 24, 2020 judgment of the United

2

States District Court for the Southern District of New York (Marrero, J.), granting TD Bank, N.A.'s motion for summary judgment on its claim for declaratory judgment and awarding attorney's fees and costs to TD Bank.   Barbara Miller serves as the executrix of the estate of her late husband Michael Miller, a real estate developer who passed away in 2016.   In 2018 TD Bank commenced this action against Barbara Miller in her individual capacity seeking to recover upwards of $1,800,000 owed by Michael Miller pursuant to a commercial guaranty he executed in 2014.   TD Bank principally alleges that it is entitled to satisfy its claim with funds from three bank accounts at UBS Financial Services, Inc. ("UBS") that Michael Miller jointly shared with Barbara Miller, and which, upon his death, transferred to her outside of the estate.   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to remand.

Proceedings to probate Michael Miller's will commenced in 2017 and are ongoing in the Surrogate's Court of New York County.   TD Bank, however, pursued this action outside of probate court on the ground that Michael Miller's estate does not have enough assets to satisfy its claim in full.   Relying

3

exclusively on New York law, TD Bank argued that it could satisfy its claim with funds from the joint UBS accounts; TD Bank did not suggest that New Jersey law applied or that it was entitled to relief under New Jersey law. For her part, Barbara Miller relied exclusively on New Jersey law and argued that Title 3b, Section 22-40 of the New Jersey Statutes prevented TD Bank from satisfying its claim with funds from the joint UBS accounts.

The District Court agreed with Barbara Miller that New Jersey law applied, but it nevertheless granted summary judgment to TD Bank based on a New Jersey statute — Title 17, Section 16I-7 ("Section 16I-7") — that neither party cited and without first notifying the parties that it would rely on the statute.[1]

---

[1] Entitled "Rights of Creditors," Section 16I-7 is modeled on the 1969 version of § 6-107 of the Uniform Probate Code, which sets forth when sums from a multiple party account, such as a joint account, may be used to satisfy a decedent's debts. Section 16I-7 provides:

> No multiple-party account will be effective against an estate of a deceased party to transfer to a survivor sums needed to pay debts, taxes, and expenses of administration, if other assets of the estate are insufficient. A surviving party, P.O.D. payee, or beneficiary who receives payment from a multiple-party account after the death of a deceased party shall be liable to account to his personal representative for amounts the decedent owned beneficially immediately before his death to the extent necessary to discharge the claims and charges mentioned above remaining unpaid after

Specifically, the District Court determined that Section 16I-7 permits "creditors [to] reach all funds in a decedent's joint bank account that the decedent deposited in the account, or 'owned beneficially' until his death when the decedent's estate is otherwise insufficient to satisfy the outstanding debt." TD Bank, N.A. v. Miller, No. 18 Civ. 10608 (VM), 2020 WL 5441323, at *12 (S.D.N.Y. Sept. 9, 2020) (citing N.J. Stat. Ann. § 17:16I-7 (West 2020)). Thus, the District Court concluded, "TD Bank can reach up to the full value of the joint account at the time of Michael Miller's death." Id.

Citing Federal Rule of Civil Procedure 56(f)(2), Barbara Miller argues that the District Court erred in granting summary judgment based on a ground not argued by TD Bank in its motion, without giving her notice or an opportunity to

application of the decedent's estate. No proceeding to assert this liability shall be commenced unless the personal representative has received a written demand by a creditor, and no proceeding shall be commenced later than 2 years following the death of the decedent. Sums recovered by the personal representative shall be administered as part of the decedent's estate. This section shall not affect the right of a financial institution to make payment on multiple-party accounts according to the terms thereof, or make it liable to the estate of a deceased party unless before payment the institution has been served with an order of court restraining the payment.

N.J. Stat. Ann. § 17:16I-7 (West 2021); see also Unif. Prob. Code § 6-107 (1969).

be heard on the question.   We agree.   "[A] grant of summary judgment must comport with the Federal Rules of Civil Procedure," and under Rule 56(f)(2), a district court may "grant summary judgment on grounds not raised by a party," but "only after giving notice and a reasonable time to respond."   Willey v. Kirkpatrick, 801 F.3d 51, 62 (2d Cir. 2015) (cleaned up).   Where a district court sua sponte grants summary judgment on a new ground without giving the losing party notice and an opportunity to respond, remand is warranted.   Id.

The District Court did not give Barbara Miller any notice that it might grant TD Bank's motion on the basis of a statute, Section 16I-7, that was not raised in TD Bank's motion and that neither party ever mentioned.   We reject TD Bank's argument that Barbara Miller should not have been surprised by the District Court's reliance on the statute because she argued generally that New Jersey law governed and that a different New Jersey statute provided a basis for barring TD Bank's claim.

We are also not persuaded by TD Bank's other arguments, none of which directly address the District Court's failure under Rule 56(f)(2) to notify the parties that it intended to rely on Section 16I-7 to grant TD Bank's motion.   At

6

best, TD Bank suggests that Barbara Miller was not genuinely deprived of the opportunity to offer evidence bearing on what TD Bank characterizes as the central material fact regarding the insufficiency of Michael Miller's estate to satisfy TD Bank's claim in full.   We disagree.   As we have observed, "[a]s to materiality, the substantive law will identify which facts are material."   Greater Buffalo Press, Inc. v. Fed. Rsrv. Bank of N.Y., 866 F.2d 38, 42 (2d Cir. 1989) (quotation marks omitted).   In addition to losing the opportunity to make any legal argument addressing Section 16I-7, Barbara Miller had no opportunity to present evidence bearing on facts uniquely material to that statute.   See Willey, 801 F.3d at 62–63.

We therefore remand pursuant to the procedure set out in United States v. Jacobson, 15 F.3d 19, 21–22 (2d Cir. 1994).   This limited remand "permits the District Court to reconsider its prior conclusion . . . and then return its determination to us for consideration without the need for a new notice of appeal, briefing schedule, and reassignment to a new panel unfamiliar with the case."   Florez v. Cent. Intel. Agency, 829 F.3d 178, 189 (2d Cir. 2016).   On remand, the District Court should reconsider or consider in the first instance:

(1) whether Section 16I-7 applies to resolve TD Bank's summary judgment motion, after giving both sides notice of and an opportunity to respond to this possible legal basis for its decision; (2) if the District Court concludes that Section 16I-7 does not apply, whether another New Jersey statute, New Jersey common law,[2] or New York law applies; and (3) any motion by either party to supplement the record, including with a document from the Internal Revenue Service ("IRS"), see ECF No. 84, that Barbara Miller claims raises doubts about the insolvency of Michael Miller's estate.[3] If, on remand, the District Court determines that Section 16I-7 does not apply to resolve TD Bank's summary judgment motion, it should vacate its earlier judgment in addition to entering a new order. Upon entry of the District Court's order resolving the summary judgment motion consistent with the above observations, either party may restore jurisdiction to this Court by notifying the Clerk of this Court by letter within 21 days of the District Court's opinion, and the returned appeal will be

---

[2] At oral argument, TD Bank asked that we affirm the District Court's judgment based on New Jersey common law in lieu of Section 16I-7. Oral Arg. 17:55–19:16.

[3] This Court took judicial notice of the fact that the IRS had issued the document.

assigned to this panel. No additional notice of appeal is necessary.

Although not necessary to our disposition of this appeal, we note that the District Court's error was compounded by the fact that Section 16I-7 is a New Jersey statute that, prior to the District Court's decision, as the parties agree, no court had previously interpreted. In that situation, we ordinarily consider certifying the question to the state's highest court. Here, unfortunately, "certification of the question to the New Jersey Supreme Court is not an option, because, under Rule 2:12A–1 of that court, certification is accepted by that court only from the Third Circuit." <u>Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber</u>, 407 F.3d 34, 47 n.6 (2d Cir. 2005); <u>see also</u> N.J. R.A.R 2:12A-1 (New Jersey Supreme Court will review certified questions of law only from the Third Circuit).

Having considered the remaining arguments of the parties, we REMAND the case to the District Court for further proceedings consistent with this order.[4]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[4] Barbara Miller's motion to remand in light of new evidence is denied as moot.

10